UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20625-CR-Moreno/Garber

UNITED STATES OF AMERICA,

v.

JOHN OSCAR KALU,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference from Chief United States District Judge Federico A. Moreno.  Pursuant to such reference, the Court has received the defendant Kalu's Motion to Suppress Statements and Physical Evidence [DE 31] and the government's response in opposition.  A hearing on said Motion was held on December 7th, 2010. The defendant appeared with his attorneys of record, Assistant Federal Public Defenders Hector A. Dopico and Christine O'Connor and the government was represented by Assistant United States Attorneys Eric Hernandez and John Gonsoulin.

## FACTUAL BACKGROUND

The events upon which this Motion to Suppress is based occurred on October 24, 2008, on or about the premises occupied by Washington Mutual Bank (the Bank) located at 1071 North Homestead Boulevard in Homestead, Florida.  On that date, the defendant Kalu appeared at the Bank to seek a refund of money in his account.  He was told that he would receive a check for such money from the offices of the Bank.  Undisputed testimony revealed that the defendant became angry, yelled at bank employees and kicked furniture and a table on which a coffee pot was sitting. The defendant's

actions damaged the table, coffee pot and plates and his conduct resulted in the spillage of coffee on the floor and walls of the Bank. At this time, a Bank employee called the police and was allegedly threatened by the defendant, who stated that he would return with his gun and get his money from the bank. The defendant then left the Bank. As a result of the defendant's conduct and alleged threats, the police were asked to place an extra watch on the Bank. Several of the employees were scared as a result of the defendant's threat and conduct.

Later that day, the defendant was seen in the Bank parking lot by Bank employees. A police officer in plain clothes (Detective Morales) was at the scene, having been advised of the defendant's conduct while in the Bank and was aware the defendant was possibly armed. Morales observed the defendant attempting to avoid a marked police vehicle by ducking in between parked cars in the lot. Detective Morales continued to observe the defendant, who, in Morales' opinion, "seemed to be panning, looking in the area all around him; focusing more towards the bank. . ." After noticing the defendant ducking down between the cars "So that's when I started growing a little bit more suspicious about him."[1] Detective Morales also testified that he observed the defendant holding an envelope in his hand which he threw underneath a parked car.

Morales, having been advised that the defendant might be armed with a weapon, took his pistol out of its holster, pointed it at the defendant, and ordered him to get on the ground. The defendant was then placed under arrest and handcuffed. Morales then reached the discarded envelope from beneath the car and gave it to Officer Surman of the Homestead Police Department. The envelope contained debit cards and five U.S. postal money orders in the names of Carridad Figueroa and Charles Cassel, both of whom were victims of identity theft. Morales was advised that Officer

---

[1] Transcript of suppression hearing, at page 36.

Surman had probable cause to arrest the defendant if he was located on the Bank premises. Such claimed probable cause was for a violation of Fla. Stat. §806.13 which makes criminal mischief an offense. §806.13(1)(a) advises that the offense of criminal mischief takes place "if he or she willfully and maliciously injures or damages by any means any real or personal property belonging to another . . ." Further, Fla. Stat. §901.15(9)(b) permits an officer to arrest a person without a warrant if there is probable cause to believe that the person committed the offense of criminal mischief.

The government has argued that, regarding the envelope tossed by the defendant underneath a car, such act constituted an abandonment of the envelope, thus not giving the defendant standing to raise the issue of a claim of unlawful seizure of said envelope.

## DISCUSSION

A lawful arrest must be predicated upon either an arrest warrant or the showing of probable cause that an offense has been or is being committed by the offender. *Dunaway v. New York*, 442 U.S. 200, 208 & n.9 (1979). Detective Morales appropriately and lawfully arrested the defendant based upon information related to him by Officer Surman, who had observed the property damage and had spoken with Emily Colon, a bank manager. Ms. Colon dealt directly with the defendant and she told Officer Surman of the conduct of and threats made by the defendant. Officer Surman spoke with four bank tellers, who corroborated the facts given by Ms. Colon, who then prepared an offense report and requested additional police help at the bank. The defendant's identity was made known by examining bank records which showed his name, social security number, address, and driver's license number. Based upon the totality of the facts and evidence, the Court is satisfied that probable cause existed for the arrest of the defendant.

The envelope was properly seized incidental to the arrest of the defendant. Because of such conclusion, it is not necessary for the Court to determine whether said envelope had been abandoned by the defendant.

The defendant has argued that there was an unlawful seizure of evidence from within the defendant's vehicle and same should be suppressed. Again, the Court finds that such search of the vehicle yielding evidence was also made incidental to the defendant's arrest and is thus not subject to suppression.

Officer Surman testified that at no time did she question the defendant. She testified that the defendant stated voluntarily that "all I did was kick over a table because they weren't giving me back my money. And that was it."[2]

Witnesses offered by the defense, Bank employees, were not able to state that they had a clear view of the events that took place following the defendant's return to the Bank. They were not able to testify that they saw the defendant throw the envelope beneath a car since their views were obstructed.

The Court finds that the testimony given by Officer Surman and Detective Morales was highly credible and un-rebutted by the defense. Such testimony clearly established probable cause for the defendant's arrest and the incidental search and seizure of the physical evidence relied upon by the government.

---

[2]Suppression transcript, page 25.

## CONCLUSION AND RECOMMENDATION

For reasons set forth above and based upon the Court's review of the record and consideration of the submissions of the parties, testimony, argument of counsel, and exhibits, the undersigned respectfully

RECOMMENDS that the defendant Kalu's Motion to Suppress Statements and Physical Evidence be DENIED.

The parties have fourteen (14) days from the date of this Report and Recommendation within which to file written objections, if any, with Chief United States District Judge Federico A. Moreno. See 28 U.S.C. §636. Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 4th day of January, 2011.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE