UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:10-cr-20625-RAR/BECERRA

UNITED STATES OF AMERICA

v.

JOHN OSCAR KALU,

    Defendant.
_____/

**REPORT AND RECOMMENDATION[1] ON DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE**

**THIS CAUSE** came before the Court on Defendant, John Kalu's ("Defendant"), *pro se* Motion for Compassionate Release Under the 3582CIA Statute (the "Motion"). ECF No. [157]. The United States of America (the "Government") filed a Response in Opposition to Defendant's Motion (the "Response"). ECF No. [163]. Defendant filed a Reply (the "Reply"). ECF No. [169]. Upon due consideration of the Motion, and being otherwise fully advised in the premises, it is hereby **RECOMMENDED** that Defendant's Motion be **DENIED**.

**I.    BACKGROUND**

On August 13, 2010, a federal grand jury returned a five-count Indictment charging Defendant with (i) conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349 (Count 1); (ii) two counts of bank fraud, in violation of 18 U.S.C. § 1344 (Counts 2 and 3); and (iii) two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (Counts 5 and 6). ECF No. [1]. Following a three-day trial, the jury found Defendant guilty on all counts. *See* ECF Nos. [98]–[100], [104]. On June 7, 2011, Defendant was sentenced to 120 months imprisonment to run concurrently as to Counts 1, 2, and 3; 24 months to run consecutively as to Count 5; and 24 months

---

[1] This matter was referred to the undersigned by the Honorable Rodolfo A. Ruiz, II, United States District Judge. ECF No. [159].

1

to run consecutively as to Count 6, for a total of 168 months imprisonment. ECF Nos. [116], [117]. Defendant was also sentenced to two years of supervised released and ordered to pay $143,000.00 in restitution. *Id.*

Defendant filed his Notice of Appeal on June 13, 2011, ECF No. [122][2], and the Eleventh Circuit affirmed his convictions and sentence, ECF No. [142]. Between September 30, 2013 and April 5, 2018, Defendant filed four *pro se* motions to vacate under 28 U.S.C. § 2255, each of which the Court denied. ECF Nos. [144], [147], [148], [152].[3]

In the instant Motion, Defendant argues that the Court has "[independent] authority to determine what qualifies as an extraordinary and compelling reason" that warrants a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). ECF No. [157] at 2. Defendant contends that within the Eleventh Circuit, courts "may consider disparity and unusual[ly] long sentence[s] in evaluating whether reduction of sentence is appropriate." *Id.* at 4. Specifically, Defendant argues that he received a higher sentence because he was sentenced before Amendment 791 of U.S.S.G. § 2B1.1(b)(1). Defendant argues that pursuant to the change in Amendment 791, the United States Sentencing Guidelines ("U.S.S.G." of the "Guidelines") "[i]ncreased the monetary value of the amount of loss associated with the threshold for the offense level enhancements." *Id.* at 6. Defendant acknowledges that Amendment 791 was not made retroactive but argues that the change results in an extraordinary and compelling circumstance that justifies relief, because he "would have received a few years off his sentence" if it had applied retroactively. *Id.*

Defendant also contends that his incarceration is not the result of a violent crime, he is in "good standing" with Federal Bureau of Prisons (the "BOP") and "has not received any

---

[2] Defendant also filed a *pro se* Duplicate Notice of Appeal, which was received on June 26, 2011. ECF No. [128].

[3] One of the motions was styled as "Independent Action for Relief from Final Judgment Under Rule 60(b)(5) and (6) and 60(d)(1) an (3)." ECF No. [148].

2

disciplinary" actions, and that he "has educated himself while [i]ncarcerated to prepare himself for reentry into society." *Id.* at 7. He also states that "[i]ndividuals with 924c stacking [p]enalties are way more severe than his situation, but these are violent cases and his are non violent offense[s]." *Id.*

In its Response, the Government argues that Defendant's Motion should be denied both because he fails to demonstrate extraordinary and compelling circumstances and because the Section 3553(a) factors do not support his release. ECF No. [163] at 23. First, the Government argues that pursuant to *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021), the Court is "not authorized to determine whether circumstances other than those specifically listed in the application notes to § 1B1.13 qualify as extraordinary and compelling reasons under the policy statement's catch-all provision." *Id.* at 5. Thus, though the Government acknowledges that "[u]nder Amendment 791 of U.S.S.G. § 2B1.1(b)(1), [Defendant] would have received an increase of 12 levels, instead of the 14-level increase he received toward his total offense calculation[,]" it contends that the Court cannot reduce Defendant's sentence on this basis because "only BOP can expand the extraordinary and compelling reasons under the catch-all provision." *Id.*

The Government also argues that the Section 3553(a) factors strongly weigh against granting Defendant's Motion, as his "early release would seriously undermine community safety[.]" *Id.* at 6. The Government notes that Defendant was the leader in the criminal activity, was "responsible for the intended loss of $430,625[,]" and "has a lengthy criminal history that includes arrests for battery, cocaine sale, prostitution, petit larceny, theft, ID fraud, obstructing a police officer, habitual driving with a suspended license, and criminal mischief" and "he was [previously] convicted of fraud . . . . accounting for a loss of approximately $16,000 to the victims[.]" *Id.* Moreover, the Government argues that Defendant's BOP disciplinary records demonstrate "an extensive and violent history during incarceration[,]" including "refusing work

assignment, failing to stand for head count, refusing to obey a direct order, destroying property, assaulting another inmate, possessing gambl[ing] paraphernalia, and being insolent to staff." *Id.*

In his Reply, Defendant notes that the Government acknowledges that he would have received a 12-level enhancement rather than a 14-level enhancement under the Guidelines. ECF No. [169] at 1–2. Defendant also contends that two of the four habeas motions that he filed "were the same fraud case the Government claimed that Kalu was [i]ncarcerated for 180 days, and one driving with suspended license which were both used for [his] sentence enhancement." *Id.* at 2. Moreover, Defendant argues, "when [he] successfully obtained vacatur for the same [f]raud case conviction from the state court, and moved for [r]esentencing in this Court based on the vacatur, this Court still denied [D]efendant's motion" because Defendant "did not show due diligence in vacating his prior state convictions, even though the new vacatur [p]resented [] new facts." *Id.* Defendant also argues that the Government's citation to Defendant's disciplinary record is "another attempt to assassinate [D]efendant's character" and contends that in BOP, "one is always under attack and the BOP does not provide any protection for anyone in the general population" such that "one [has] to defend himself when attacked by other prisoners." *Id.* at 3. Finally, Defendant argues that the fact that he "has an ICE detainer and is amenable to deportation proceeding[s] to Liberia" upon his release is another extraordinary and compelling reason for his release, because it means he is not eligible for home confinement. *Id.* at 3–4.

**II.     ANALYSIS**

"Generally, a district court may not modify a term of imprisonment once imposed." *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005). However, Title 18, United States Code, Section 3582(c)(1)(A) permits a defendant to seek compassionate release after he has exhausted his administrative remedies within the Bureau of Prisons. *See* 18 U.S.C. § 3582(c)(1)(A) (a court may modify a prison term after a defendant has "fully exhausted all administrative rights to appeal

4

a failure of the Bureau of Prisons to bring a motion . . . or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility").[4] Once the administrative remedies have been exhausted, a court may grant compassionate release if it finds "extraordinary and compelling reasons" to modify that are consistent with Section 1B1.13 of the Sentencing Guidelines and modification is warranted after considering the Section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A)(i)–(ii); *United States v. Bryant*, 996 F.3d 1243, 1251, 1254 (11th Cir. 2021). The applicable policy statement issued by the Sentencing Commission provides that a court may reduce a term of imprisonment upon a determination that (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(1)–(3); *Bryant*, 996 F.3d at 1258 (stating that "1B1.13 [is] an applicable policy statement for all Section 3582(c)(1)(A) motions, regardless of who files them"). In turn, the policy statement defines "extraordinary and compelling reasons" as follows:

> (A) **Medical Condition of the Defendant.—**
>  (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>  (ii) The defendant is—
>  (I) suffering from a serious physical or medical condition,
>  (II) suffering from a serious functional or cognitive impairment, or
>  (III) experiencing deteriorating physical or mental health because of the aging process,
>  that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) **Age of the Defendant.—**The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the

---

[4] Section 3582 was amended by the First Step Act of 2018 to permit prisoners to file motions for compassionate release directly with the Court. *See* Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

    aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C) **Family Circumstances.**—
        (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
        (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

    (D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, Application Note 1.

Defendant bears the burden to establish that relief is warranted under Section 3582(c)(1)(A). *United States v. Kannell*, 834 F. App'x 566, 567 (11th Cir. 2021).[5] For the reasons below, Defendant has failed to meet his burden. First, Defendant has not demonstrated "extraordinary and compelling" reasons to warrant a reduction of his sentence. Defendant seeks relief pursuant to Section 3582(c)(1)(A)'s "catch-all" provision, as he does not assert a medical condition, age, or family circumstances as a basis for relief. As the Government argues, however, *United States v. Bryant* makes clear that this "catch-all" provision only applies to BOP determinations. *See* 996 F.3d at 1248 ("Application Note 1(D) does not grant discretion *to courts* to develop 'other reasons' that might justify a reduction in a defendant's sentence.") (emphasis added). Accordingly, the Court is without authority to grant the relief Defendant seeks, as it would be inconsistent with the Section 1B1.13 policy statement.[6]

---

[5] Although neither party addresses whether Defendant appealed his denial within the BOP, the Government takes the position that Defendant has exhausted administrative remedies, ECF No. [163] at 2. No further discussion is warranted given that Defendant's argument fails on the merits.

[6] "Federal courts are obligated to look beyond the label of a *pro se* inmate's motion to determine if it is cognizable under a different statutory framework." *United States v. Stossel*, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003). Even if the Court were to construe Defendant's Motion as a request for relief under Section 3582(c)(2), however, Defendant would still have to demonstrate that relief

6

Second, even if Defendant were to have shown extraordinary and compelling circumstances weighing in favor of compassionate release, the Court must consider the Section 3553(a) factors, which include (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant"; (3) "the kinds of sentences available"; (4) "the kinds of sentence and the sentencing range established"; (5) "any pertinent policy statement"; (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (7) "the need to provide restitution to any victims of the offense." *See* 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a)(1)–(7). Defendant "was the organizer, leader, manager or supervisor in th[e] criminal activity or scheme" and "responsible for the intended loss of $430,625." ECF No. [163] at 6. Defendant also "has a lengthy criminal history that includes arrests for battery, cocaine sale, prostitution, petit larceny, theft, ID fraud, obstructing a police officer, habitual driving with a suspended license, and criminal mischief" as well as a prior fraud conviction for "open[ing] credit card accounts in two victims' names, accounting for a loss of approximately $16,000 to the victims." *Id.* Additionally, Defendant's disciplinary records demonstrate "an extensive and violent history during incarceration," including several "sanctions for refusing work assignment, failing to stand for head count, refusing to obey a direct order, destroying property, assaulting another inmate, possessing gambl[ing] paraphernalia, and being insolent to staff." *Id.* at 7; *see also* ECF No. [164-2]. Thus, releasing Defendant now would not promote respect for the law, provide punishment for his offense, nor afford adequate deterrence.

---

was consistent with the Section 3553(a) factors, which as discussed below, he cannot. *See Dillon v. United States*, 560 U.S. 817, 826–27 (2010).

### III. CONCLUSION

For the reasons set forth above, it is hereby **RECOMMENDED** that Defendant's Motion, ECF No. [157], be **DENIED**.

### IV. OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Any request for an extension of this deadline must be made within seven (7) calendar days from the date of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on October 7, 2022.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE