UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-CR-20625-RAR/Becerra

UNITED STATES OF AMERICA

vs.

JOHN OSCAR KALU,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

**THIS CAUSE** comes before the Court upon Magistrate Judge Jacqueline Becerra's Report and Recommendation on Defendant's *pro se* Motion for Compassionate Release, filed on November 23, 2022 [ECF No. 172] ("Report"). The Court has reviewed the Motion for Compassionate Release [ECF No. 157], the United States of America's Response in Opposition [ECF No. 163], Defendant's Reply [ECF No. 169], the Report, and is otherwise fully advised.

A district court reviewing a magistrate judge's report and recommendation "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Macort v. Prem, Inc.*, 208 F. App'x 781, 783-84 (11th Cir. 2006). The district court "may accept, reject or modify, in whole or in part, the findings of the recommendations made by the magistrate judge." *Id.*; *see also* FED. R. CRIM. P. 59(b)(3); *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). "[I]n determining whether to accept, reject, or modify the magistrate's report and recommendations, the district court has the duty to conduct a careful and complete review." *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982)). Legal conclusions are subject to *de novo* review, even if no party specifically objects. *See United States v. Keel*, 164 F. App'x 958, 961 (11th Cir. 2006); *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982).

Mindful of the standard of review, and having carefully examined all relevant pleadings and the record—as well as specifically conducted a *de novo* review of the Report's legal conclusions—it is hereby

**ORDERED AND ADJUDGED** that Magistrate Judge Jacqueline Becerra's Report and Recommendation [ECF No. 172] is **AFFIRMED AND ADOPTED**.  Upon careful review, the Court agrees with the Report's conclusion that Defendant's circumstances are not "extraordinary and compelling" under 18 U.S.C. § 3582(c)(1)(A).  *See* Rep. at 6; *United States v. Thompson*, No. 17-CR-60152, 2021 WL 5999422, at *3 (S.D. Fla. Dec. 20, 2021) ("[T]he Court of Appeals for the Eleventh Circuit recently decided that § 1B1.13 is applicable for all § 3582(c)(1)(A) motions, whether filed by the BOP or by a defendant directly, and that courts do not have discretion to develop 'other reasons' to justify a reduction in a defendant's sentence.  *See United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021).  Accordingly, the Court must apply § 1B1.13 to determine whether extraordinary and compelling circumstances exist.").  Further, the factors set forth in 18 U.S.C. § 3553(a) weigh against Defendant's release.  *See* Rep. at 7.  Accordingly, Defendant's Motion for Compassionate Release [ECF No. 157] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 24th day of October, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record